Filed 6/7/24  P. v. Gustafson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082160 |
| v. | (Super.Ct.No. FVI702850) |
| ROY RANDALL GUSTAFSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Charlie Hill, Jr., Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Felicity Senoski and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Roy Randall Gustafson filed a petition for resentencing, which the court denied.  On appeal, defendant contends the court erred in denying his petition.  We affirm.

## I.  PROCEDURAL BACKGROUND[1]

On February 6, 2008, pursuant to a plea agreement, defendant pled guilty to assault with a firearm (Pen. Code § 245, subd. (a)(2), counts 2)[2] and discharge of a firearm with gross negligence (§ 246.3, subd. (a), count 13).  Defendant admitted an allegation that he personally used a firearm in his commission of the count 2 offense. (§§ 12022.5, subds. (a) & (d), 1203.06, subd. (a)(1).)  In accordance with the plea agreement, the court sentenced defendant to an aggregate term of imprisonment of seven years eight months.  (*Gustafson I*, *supra*, E045418.)

On May 7, 2010, a jury found defendant guilty of first degree murder (§ 187, subd. (a), count 1); three counts of possession of a firearm by a felon (former § 12021, subd. (a)(1), counts 3, 8 & 18); one count of possession of ammunition by a felon (former § 12316, subd. (b)(1), count 5); one count of assault with a firearm (§ 245, subd. (a)(2), count 10); and one count of false imprisonment (§ 236, count 12).  The jury also found true allegations that defendant personally used a firearm in his commission of

---

[1] On our own motion, we take judicial notice of this court's opinions from defendant's appeal of the first judgment in this case, (*People v. Gustafson* (Oct. 17, 2008, E045418) [nonpub. opn.] (*Gustafson I*)), his appeal of the second judgment in this case, (*People v. Gustafson* (Apr. 23, 2012, E051748) [nonpub. opn.] (*Gustafson II*)), and the denial of his previous petition for resentencing (*People v. Gustafson* (Nov. 2, 2022, E078896) [nonpub. opn.] (*Gustafson III*)).

[2] All further statutory references are to the Penal Code.

the murder, assault with a firearm, and false imprisonment offenses. (§§ 12022.53, subd. (d), 12022.5, subd. (a).) (*Gustafson II*, *supra*, E051748; *Gustafson III*, *supra*, E078896.)

In a bifurcated proceeding, the court found true allegations that defendant had suffered two prior strike convictions. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The court sentenced defendant to state prison for a total of 150 years to life. (*Gustafson II*, *supra*, E051748; *Gustafson III*, *supra*, E078896.)

Defendant appealed. This court affirmed the judgment. (*Gustafson II*, *supra*, E051748; *Gustafson III*, *supra*, E078896.)

On April 1, 2022, defendant filed a petition for resentencing pursuant to "Assembly Bill Nos. 1540 & 124, and Senate Bill No. 567 . . . ." Defendant also mentioned "Senate Bills 775 and 483," and sections 1170, subdivision (d), and 1170.18. The court denied the petition without appointing counsel or holding a hearing. The court indicated that petitions for resentencing pursuant to former section 1170.03[3] must be brought by an executive officer; the court declined defendant's invitation to resentence him. (*Gustafson III*, *supra*, E078896.)

Defendant appealed. This court affirmed the order denying the petition. (*Gustafson III*, *supra*, E078896.)

On April 17, 2023, defendant filed a petition for resentencing "Pursuant [to] All Applicable Sections Of Penal Code [sections] 1170, . . . 1171, . . . 1172, and Assembly

---

[3] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.03 as section 1172.1. (Stats. 2022, ch. 58, § 9.)

Bill [No.] 540 (2021) and [Senate Bill No.] 483, RISE Act." Within the text of his petition, defendant cited Senate Bill No. 775 (2021-2022 Reg. Sess.), which defendant contended required his conviction "be re-analyzed and [his] conviction can not [*sic*] be determined to be final."

On August 17, 2023, without appointing counsel or holding a hearing, the court denied defendant's petition without prejudice. The court noted defendant failed to provide the information required pursuant to section 1172.6, subdivision (b)(1), and that it appeared that defendant could still be convicted of murder under current law.

## II. DISCUSSION

Defendant contends the court erred in denying his petition pursuant to section 1172.6 without appointing him counsel and by engaging in factfinding at the prima facie stage. We disagree.

"The Legislature enacted Senate Bill [No.] 1437 [(Sen. Bill 1437)] 'to more equitably sentence offenders in accordance with their involvement in homicides.' (Stats. 2018, ch. 1015, § 1(b).) The Legislature recognized, 'It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability.' [Citation.] With this purpose in mind, Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'

4

[Citation.]"  (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)  "Effective January 1, 2022, section 1172.6 was amended by Senate Bill No. 775 . . . ."  (*People v. Medrano* (2024) 98 Cal.App.5th 1254, 1260.)

"Senate Bill 1437 . . . created a procedural mechanism 'for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief' where the two substantive changes described above affect a defendant's conviction.  [Citation.]"  (*Curiel*, *supra*, 15 Cal.5th at p. 449.)  "Under section 1172.6, 'A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . .' [Citation.]"  (*Id*. at pp. 449-450.)

"'[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019," the effective date of Senate Bill 1437 [citation].'  [Citation.]  'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief."  [Citations.]

5

If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." [Citation.]' [Citation.]" (*Curiel*, *supra*, 15 Cal.5th at p. 450.)

Here, defendant mischaracterizes the stage at which the court denied his petition. The court denied defendant's petition at the facially valid stage not the prima facie stage.

As the court below noted, and as we noted in *Gustafson III* with respect to defendant's prior petition for resentencing, defendant failed to file the requisite declaration that he was eligible for relief under section 1172.6. (§ 1172.6, subd. (b)(1)(A).) Defendant failed to file a declaration that he was convicted pursuant to felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime. (*Gustafson III*, *supra*, E078896.)

Thus, defendant's petition was facially insufficient. (*People v. Lewis* (2021) 11 Cal.5th 952, 968 ["noncomplying petitions may be quickly screened out"]; § 1172.6, subd. (b)(2) ["If any of the information required by this subdivision is missing from the petition . . . the court may deny the petition without prejudice . . . .].) Therefore, defendant was not entitled to counsel or a hearing on his petition because he failed to allege a facially sufficient basis for relief. (See *Lewis*, at p. 973 [petitioner only entitled to counsel once he files a facially sufficient petition].)

### III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.